FILED
MAR 11 2010
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| JOAN BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:10-CV-96 |
| ) | Removed from the Chancery |
| AUTO-OWNERS (MUTUAL) INSURANCE ) | Court for Union County, TN |
| COMPANY, ) | No. 5909 |
| ) | Phillips/Guyton |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Auto-Owners Insurance Company ("Auto-Owners"), incorrectly named as Auto-Owners (Mutual) Insurance Company, by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. §1446 of the removal of the above-captioned case from the Chancery Court for Union County, Tennessee to the United States District Court for the Eastern District of Tennessee, Northern Division. Grounds for removal are as follows:

1. This action, styled *Joan Black v. Auto-Owners (Mutual) Insurance Company*, was commenced on or about January 28, 2010 in the Chancery Court for Union County, Tennessee, with the filing of the Complaint. This case was docketed as No. 5909 in the Chancery Court for Union County.

2. The Complaint was served upon Auto-Owners on February 16, 2010. A true and correct copy of the Complaint and summons is attached hereto as *Exhibit A*.

3. Copies of the papers accompanying the delivery of the Complaint to Auto-Owners are attached as *Exhibit B*.

4. A copy of the United States Postal Service's web tracking confirmation page for the delivery of the Complaint to Auto-Owners is attached hereto as *Exhibit C*.

5. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of receipt of the Complaint by Auto-Owners. Since Auto-Owners is filing this Notice on March 11, 2010, removal is timely.

6. Additionally, removal is timely because the 30 day removal period begins "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." *See* 28 U.S.C. § 1446(b).

7. Auto-Owners did not receive a copy of the Complaint until after it was mailed by the Tennessee Department of Commerce and Insurance on February 11, 2010. *See **Exhibit B***.

8. The records of the United States Postal Service show that the letter sent by the Tennessee Department of Commerce and Insurance on or about February 11, 2010, was received on or about February 16, 2010. *See **Exhibit C***.

9. The Tennessee Department of Commerce and Insurance is a statutory agent for Auto-Owners pursuant to Tenn. Code Ann. § 56-2-503. Section 56-2-503 states that "[a]ny foreign or alien insurance company, before doing business in this state, as defined in § 56-2-502, shall appoint the commissioner its true and lawful attorney as required by § 56-2-103(a)(3)."

10. Tenn. Code Ann. § 56-2-504 permits lawful process for an insurance company in an action arising in Tennessee to be served upon the Commissioner of the Department of Commerce and Insurance, and the section specifies the procedure for such service of process.

11. Under federal law governing issues of removal, the Commissioner of the Tennessee Department of Commerce and Insurance is considered a "statutory agent" of Auto-Owners.

12. The 30 day time period for removal does not begin running with service of the Complaint upon a statutory agent. In contrast, the 30 day period begins to run upon the date the

2

defendant actually receives the Complaint from the statutory agent. *See Cox v. Sprung's Transport & Movers, Ltd.*, 407 F. Supp. 2d 754, 756 (D.S.C. 2006) (denying motion to remand on grounds that service of complaint upon statutory agent was insufficient to commence the 30 day removal period); *Hibernia Community Development Corp. v. U.S.E. Community Servs. Group, Inc.*, 166 F. Supp. 2d 511, 513 (E.D. La. 2001) (denying motion to remand on the basis that 30 day removal period commenced when defendant actually received the complaint from the secretary of state and not when the secretary of state first received the complaint as statutory agent for the defendant); *Rocky Branch Marina, L.L.C. v. Northern Assurance Company of Am.*, No. 09-CV-15-GKF-TLW, 2009 U.S. Dist. LEXIS 31837, at *3-6 (N.D. Okla. April 14, 2009) (denying motion to remand on the grounds that Oklahoma Insurance Commissioner was defendant's statutory agent and stating that 30 day period to remove case commenced not when the commissioner received the complaint but when the defendant insurance company actually received a copy of the state court petition).

13. Both *Rocky Branch Marina* and *Hibernia Community* cited to 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE: Jurisdiction 3d § 3732 (3d ed. 1998), in which the learned authors of the treatise on federal practice stated as follows:

> Realistically speaking, of course, these kinds of statutory agents are not true agents but are merely a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for seeking removal begins to run only when the defendant or someone who is serving as the defendant's agent in fact receives the process.

14. *Rocky Branch Marina* is instructive on the facts of this case. In *Rocky Branch Marina*, the plaintiff sued the defendant insurance company in state court and served the defendant through the Oklahoma Insurance Commissioner. The Oklahoma Insurance Commissioner was served with plaintiff's petition on November 3, 2008, but the defendant

3

insurance company did not actually receive plaintiff's petition from the Oklahoma Insurance Commissioner until December 31, 2008. The defendant insurance company removed the case to federal court on January 13, 2009, and the plaintiff sought to remand the case to state court. *See Rocky Branch Marina*, 2009 U.S. Dist. LEXIS 31837, at *1-6.

15. The *Rocky Branch Marina* court noted that "[t]he general rule is that the thirty day clock for seeking removal does not begin to run when a statutory agent such as a Secretary of State is served." *See id.*, at *2.

16. Because the applicable Oklahoma insurance statute regarding appointment of the Oklahoma Insurance Commissioner as an agent for service of process for foreign or alien insurance companies directs that a foreign insurance company "shall appoint" the Oklahoma Insurance Commissioner as its agent for service of process in Oklahoma, the court concluded that the Oklahoma Insurance Commissioner "is properly considered a statutory agent." *See id.*, at *4-6.

17. The court concluded by stating that "[b]ecause plaintiff served defendant's statutory agent, the clock for removal did not begin ticking until defendant received a copy of the state court petition from the agent." *See id.*, at *6.

18. As noted above, section 56-2-203 of the Tennessee Code mirrors the "shall appoint" language that the *Rocky Branch Marina* court found to be determinative on the question of whether the Oklahoma Insurance Commissioner is a statutory agent.

19. Auto-Owners respectfully submits that the Commissioner of the Tennessee Department of Commerce and Insurance, as the statutorily-required agent for service of process for a foreign insurance company, is a "statutory agent" for purposes of determining when Auto-Owners 30 day period to remove this action commenced.

20. Because Auto-Owners did not receive the Complaint from the Commissioner of the Tennessee Department of Commerce and Insurance until February 16, 2010, as evidenced by **Exhibits B & C** hereto, Auto-Owners' 30 day period to remove this case did not start running until February 16, 2010.

21. As Auto-Owners is filing this Notice of Removal filed on March 11, 2010, the filing of the Notice of Removal is timely under 28 U.S.C. § 1446 is timely.

22. The time for Auto-Owners to answer, respond, or otherwise plead with respect to the Complaint has not yet expired.

23. Concurrent with the filing of this Notice of Removal, Auto-Owners is serving this Notice on Plaintiffs' counsel and filing a copy of the Notice with the Clerk and Master of the Chancery Court for Union County, Tennessee.

24. Venue is proper in this Court pursuant to 28 U.S.C. §§ 123(a)(1) and 1441(a), because the United States District Court for the Eastern District of Tennessee, Northern Division, is the federal judicial district and division embracing the Chancery Court for Union County, Tennessee, where this action was originally filed.

25. By filing a Notice of Removal in this matter, Auto-Owners does not waive any of its defenses, and Auto-Owners specifically reserves its right to assert any defenses and/or objections to which it may be entitled.

### **DIVERSITY OF CITIZENSHIP**

26. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $ 75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. 28 U.S.C. § 1332.

5

Case 3:10-cv-00096-TWP-HBG   Document 1   Filed 03/11/10   Page 5 of 9   PageID #: 5

27. Complete diversity exists between the parties to this action. As alleged in the Complaint, Auto-Owners is a foreign insurance company with its home office in Lansing, Michigan. *See* **Exhibit A,** Complaint, ¶ 2.

28. Auto-Owners is a Michigan corporation with its principal place of business in Lansing, Michigan. Auto-Owners is a resident and citizen of Michigan for purposes of diversity of citizenship jurisdiction.

29. The Complaint alleges that Plaintiff is a resident and citizen of Maynardville, Union County, Tennessee.

30. Upon information and belief, Auto-Owners submits that Plaintiff is a resident and citizen of Tennessee. The homeowners insurance policy at issue lists the location to be insured as 129 Remington Drive, Maynardville, Tennessee. Plaintiff alleges in paragraph 3 of her Complaint that her home is located at 129 Remington Drive, Maynardville, Tennessee.

31. Plaintiff is a resident and citizen of Tennessee for purposes of diversity of citizenship jurisdiction.

32. Accordingly, complete diversity exists in this action.

## AMOUNT IN CONTROVERSY

33. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.

34. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In cases in which subject matter jurisdiction is based upon diversity of citizenship, the amount-in-controversy alleged in the complaint controls unless it is in some way shown that the amount in the complaint is not claimed in good faith. *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005); *see also Nature Conservancy v. Browder*, No. 2:07-cv-122, 2008 U.S. Dist. LEXIS

8545, at *8 (E.D. Tenn. Feb. 5, 2008) ("[T]he amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.").

35. In this case, the allegations in Plaintiff's Complaint demonstrate that the amount in controversy is well in excess of $75,000, exclusive of interest and costs. Indeed, Plaintiff expressly demands compensatory damages in the amount of $700,000, treble damages and attorney fees in the amount of not more than $2.5 million, and damages equal to 25% of Plaintiff's total claim as a penalty for alleged bad faith. *See* ***Exhibit A***, Complaint, Prayer for Relief, ¶¶ 2-4.

36. Plaintiff also seeks to recover pre-judgment interest on her claim. *See id.*, ¶ 5.

37. Even had Plaintiff not expressly demanded damages in excess of $75,000, Plaintiff's allegations of damage would clearly suffice to establish that the jurisdictional minimum is satisfied here. The insurance policy limits for the homeowners insurance policy at issue in this case exceed $75,000 for both coverage for the dwelling itself and for personal property. *See* ***Exhibit A***, Complaint, Policy attached as Exhibit 1.

38. Plaintiff's Complaint alleges that her residence 129 Remington Drive, Maynardville, Tennessee, was totally destroyed by fire on January 29, 2009, and that Auto-Owners allegedly offered to pay $402,098.61 to Plaintiff's mortgage company for the fire loss. *See* ***Exhibit 1***, Complaint, ¶¶ 17, 28.

39. Plaintiff alleges that Auto-Owners failed to pay Plaintiff's claim and that the denial of Plaintiff's claim was in bad faith. Taking into account the amount that Plaintiff alleges that Auto-Owners allegedly offered to pay for the fire loss, it is facially apparent from the

7

Complaint that the claims in the Complaint exceed the amount in controversy requirement of $75,000, exclusive of interest and costs.

40. Plaintiff further brings a claim under the Tennessee Consumer Protection Act and seeks treble damages pursuant to her TCPA claim.

41. Auto-Owners respectfully submits that the amount in controversy requirement for diversity of citizenship jurisdiction is satisfied in this case.

42. Because both of the requirements for federal diversity of citizenship jurisdiction are satisfied, this case is removable by Auto-Owners.

43. Pursuant to 28 U.S.C. § 1446(d), Auto-Owners is filing this Notice of Removal with this court, is serving a written notice to adverse parties upon counsel for plaintiff, and is filing a copy of its Notice of Removal in the Chancery Court for Union County.

44. Auto-Owners reserves the right to submit evidence supporting this Notice of Removal should Plaintiff move to remand.

WHEREFORE, notice is given that this action is removed from the Chancery Court for Union County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northern Division.

Respectfully submitted this the 11th day of March, 2010.

s/Dean T. Howell
Howard E. Jarvis, Esq. BPR #006673
Dean T. Howell, Esq. BPR #022130

WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC
Post Office Box 900
Knoxville, Tennessee 37901-0900
Telephone: (865) 215-1000
Facsimile: (865) 215-1001
*Attorneys for Auto-Owners Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon the following counsel for the parties in interest herein by delivering same to the offices of said counsel, or by mailing same to the offices of said counsel by United States Mail with sufficient postage thereon to carry the same to its destination.

Craig L. Garrett, Esq.
Garrett & Boyd
607 Smithview Drive
Maryville, TN 37803

This the 11th day of March, 2010.

s/Dean T. Howell
Attorney